UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.                                                  Case No. 8:09-cv-00499-T-24-TBM

JIM-N-I INVESTMENTS, INC. d/b/a
Tootsie's and/or Sugar Shack,
5636 E HILLSBOROUGH AVENUE INC.,
TIA FINA'S, INC. d/b/a Sugar Shack,
ADAMA RICH, as personal representative of Glen
Rich, deceased, DONALD MONTANEZ,
CERTIFIED IMPOUND SERVICE, INC.,
PRIVATE PROPERTY/COMMERCIAL, INC.,
GENERAL MANAGEMENT AND
DEVELOPMENT CORP., and KANE
FURNITURE CORPORATION,

    Defendants.
_____/

JIM-N-I INVESTMENTS, INC.,

    Counter-Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, ADRIAN FERNANDEZ
INSURANCE, INC., 5636 E. HILLSBOROUGH
AVE LIQUORS, INC.

    Counter-Defendants.
_____/

## **O R D E R**

This cause comes before the Court on the Motion to Dismiss the Counterclaim filed by

1

Counter-Defendant Mount Vernon Fire Insurance Company ("Mt. Vernon"). (Doc. 57.) Mt. Vernon also moves in the alternative for a more definite statement. Id.

Counter-Plaintiff Jim-N-I Investments Inc. ("Jim-N-I Investments") filed an untimely response under Local Rule 3.01(b) opposing this motion. (Doc. 62).

In addition, Adrian Fernandez Insurance Inc. filed a motion to dismiss the third-party complaint filed by Jim-N-I Investments against it. (Doc. 69.) Although the time for Jim-N-I Investments to respond to Adrian Fernandez Insurance Inc.'s motion does not expire until Monday, November 9, 2009, the Court can dispose of the motion without a response.

## BACKGROUND

This lawsuit arose from a fatal shooting that occurred in the early morning on Sunday, January 8, 2006, near the Sugar Shack nightclub in Tampa, Florida.

On the night of the shooting, Glen Rich arrived at the Sugar Shack nightclub on Hillsborough Avenue and, at the direction of a club employee, parked his car on nearby Bonacker Drive. (Doc. 1, Ex. B ¶¶ 19–20). After leaving the nightclub, Rich discovered that his car had been towed a few blocks away. After walking to the lot where his car had been towed, Rich encountered several towing company employees carrying clubs. The employees demanded money for Rich's car. Rich declined to pay the towing company employees, explaining that he just wanted his car. (Doc. 1, Ex. B ¶¶ 23–25). The towing company's owner, Defendant Donald Montanez, then allegedly waved a firearm in the air. Upon seeing this, Rich climbed into his car and attempted to drive away. Montanez then allegedly shot Rich, killing him. (Doc. 1, Ex. B ¶¶ 27–28)

Approximately a year after the shooting, on December 10, 2007, the personal

representative of Rich's estate filed suit in state court in the Thirteenth Judicial Circuit of Florida against Montanez, Jim-N-I Investments Inc., 5634 E. Hillsborough Avenue, Inc.,[1] and other parties. (Doc. 1-3.) Jim-N-I Investments owned the property where the Sugar Shack nightclub stood and leased it to 5636 E. Hillsborough Avenue, Inc. to operate a "bottle club" and an alcoholic beverage retail sales facility.[2] (Doc. 51-2 ¶ 5.)

Among other claims, the personal representative of Rich in state court alleged negligence against Jim-N-I Investments for failing to properly train Sugar Shack employees on where to direct customers to park. Id. The lawsuit also asserted that Sugar Shack's employees directed customers to park on Bonacker Drive, knowing customers would be towed from the location and would encounter violence. (Doc. 1-3 ¶¶ 21, 72-82.)

The lease between Jim-N-I Investments and 5636 E. Hillsborough Avenue, Inc. required the tenant to obtain liability insurance, naming Jim-N-I Investments as a named insured. The tenant did so, obtaining a commercial general liability insurance policy, which was in effect on the night of the shooting, and adding Jim-N-I Investments as an insured.[3] (Doc. 1, Ex. A at 4, 36.)

---

[1] In the underlying state lawsuit, the personal representative of Glen Rich named 5634 E. Hillsborough Avenue, Inc. — rather than 5636 E. Hillsborough Avenue, Inc. — as a defendant. However, Mt. Vernon claims that no corporate entity named 5634 E. Hillsborough Avenue, Inc. exists, and this Court on Mt. Vernon's motion dismissed 5634 E. Hillsborough Avenue as a defendant from the declaratory judgment complaint filed in this Court. (Doc. 64 ¶¶ 6-10.)

[2] A bottle club is a private club in which members are served liquor in bottles without regard to liquor control laws, often after legal closing hours. Webster's II New Riverside University Dictionary 192 (1984).

[3] Although the insurance policy attached as an exhibit to the declaratory judgment complaint indicates that it was issued by United States Liability Insurance Group of Wayne, Pennsylvania, Mt. Vernon acknowledges in its complaint that it issued the policy. (See Doc. 1, ¶ 15 and Ex. A at 5.)

On January 9, 2008, a representative of Jim-N-I Investments sought to have Mt. Vernon defend and provide coverage for liability arising out of the negligence lawsuit. (Doc. 1 ¶ 19.)

Soon after, Mt. Vernon filed this declaratory judgment complaint in this Court seeking a declaration that the insurance policy it issued to 5636 E. Hillsborough Avenue, Inc. did not require it to cover, defend, or indemnify Jim-N-I Investments and other parties in the negligence lawsuit in state court. Mt. Vernon argued that the insurance policy only obligated it to cover, defend, and indemnify claims for bodily and personal injury, as well as property damage, arising from Jim-N-I Investments' ownership, maintenance or use of the 5636 E. Hillsborough Avenue property, or "operations necessary or incidental to those premises." (Doc. 1 ¶ 30.) Mt. Vernon also sought a declaration that Jim-N-I Investments and 5636 E. Hillsborough Avenue misrepresented certain material facts in obtaining the insurance.

Jim-N-I Investments then filed a counterclaim on August 20, 2009 against Mt. Vernon, a cross-claim against 5636 E. Hillsborough Ave Liquors, Inc., and a third-party complaint against Adrian Fernandez Insurance, Inc., an insurance agency that sold insurance to 5636 E. Hillsborough Ave Liquors, Inc. (Doc. 51.) The counterclaim sought damages as a result of Mt. Vernon's alleged breach of an "implied obligation of indemnity" by failing to defend Jim-N-I Investments and by "attempting to avoid that obligation totally" by filing the declaratory judgment action. (Doc. 51).

## ANALYSIS

In deciding a motion to dismiss, the Court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000) (citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)). The Federal

4

Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which she bases her claim. Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the claimant is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 558-60 (2007) (citation omitted). As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555-56. While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. Pleadings still require "a showing, rather than a blanket assertion, of entitlement to relief." Id. at 555 n.3. The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). While the notice pleading standard of Rule 8 does not require detailed factual allegations in a pleading, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). "[I]t demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id. at 1949 (internal citations omitted).

     Mt. Vernon made three arguments in support of its Motion to Dismiss. First, it claimed that Jim-N-I Investments' counterclaim contains "deficiencies requiring dismissal." Second, it asserted that Jim-N-I Investments' counterclaim failed to state a claim upon which relief could be granted "and/or is [pled] in such a manner that [Mt. Vernon] cannot prepare a response."

5

(Doc. 57). Third, Mt. Vernon noted that Jim-N-I Investments failed to attach the document referred to in its counterclaim, an insurance policy supposedly issued to 5636 E. Hillsborough Ave Liquors, Inc. Mt. Vernon responded that it has no evidence that it issued an insurance policy to 5636 E. Hillsborough Ave Liquors, Inc.

The Court agrees with Mt. Vernon that the allegations in the counterclaim filed by Jim-N-I Investments are so vague and disorganized that the counterclaim does not state a cause of action, and does not permit Mt. Vernon or the other parties to meaningfully respond or conduct discovery.

Jim-N-I Investments asserted in the counterclaim that it is a "named beneficiary" of a policy issued by Mt. Vernon to a company called 5636 E. Hillsborough Ave Liquors, Inc. However, Jim-N-I Investments failed to attach to the counterclaim a copy of the policy, and referenced an insurance policy issued to *another* company—5636 E. Hillsborough Avenue, Inc. The insurance policy originally issued to 5636 E. Hillsborough Avenue, Inc. named Jim-N-I Investments as the insured party, *not* as a beneficiary. This oversight in the counterclaim—if it is one—is not a minor mistake or a typographical error. In addition, Jim-N-I Investment failed to state which cause of action or actions applies to which defendants, and failed to plead the elements of a cause of action against the defendants.

## **CONCLUSION**

Accordingly, it is ORDERED AND ADJUDGED that Mt. Vernon's Motion to Dismiss (Doc. 57) and Adrian Fernandez Insurance, Inc.'s Motion to Dismiss (Doc. 69) are **GRANTED IN PART**. The Counterclaim against Mt. Vernon, the cross-claim against 5636 E. Hillsborough Ave Liquors, Inc., and the third-party complaint against Adrian Fernandez Insurance, Inc. (Doc.

51) are dismissed without prejudice to the right of Jim-N-I Investments to re-file these pleadings, with the appropriate exhibits attached, no later than Friday, November 20, 2009.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of November, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record