UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.    Case No. 8:09-cv-00499-T-24 TBM

JIM-N-I INVESTMENTS, INC. d/b/a Tootsie's
and/or Sugar Shack, 5636 E HILLSBOROUGH
AVENUE INC., TIA FINA'S, INC. d/b/a Sugar
Shack, ADAMA RICH, as personal representative
of Glen Rich, deceased, DONALD MONTANEZ,
CERTIFIED IMPOUND SERVICE, INC.,
PRIVATE PROPERTY/COMMERCIAL, INC.,
GENERAL MANAGEMENT AND
DEVELOPMENT CORP., and KANE
FURNITURE CORPORATION,

    Defendants.
_____/

JIM-N-I INVESTMENTS, INC.,

    Counter-Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, ADRIAN FERNANDEZ
INSURANCE, INC., 5636 E. HILLSBOROUGH
AVE LIQUORS, INC.

    Counter-Defendants.
_____/

## **O R D E R**

The Court now considers Mount Vernon Fire Insurance Company's motion for a default

1

judgment against Defendant 5636 E. Hillsborough Avenue, Inc. (Doc. 92.) No defendants have filed a response opposing the motion for default judgment.

## BACKGROUND

This lawsuit arose from a fatal shooting that occurred in the early morning on Sunday, January 8, 2006, near the Sugar Shack nightclub in Tampa, Florida.

On the night of the shooting, Glen Rich arrived at the Sugar Shack nightclub on Hillsborough Avenue and, at the direction of a club employee, parked his car on nearby Bonacker Drive. (Doc. 1, Ex. B ¶¶ 19–20). After leaving the nightclub, Rich discovered that his car had been towed a few blocks away. After walking to the lot where his car had been towed, Rich encountered several towing company employees carrying clubs. The employees demanded money for Rich's car. Rich declined to pay the towing company employees, explaining that he just wanted his car. (Doc. 1, Ex. B ¶¶ 23–25). The towing company's owner, Defendant Donald Montanez, then allegedly waved a firearm in the air. Upon seeing this, Rich climbed into his car and attempted to drive away. Montanez then allegedly shot Rich, killing him. (Doc. 1, Ex. B ¶¶ 27–28)

Approximately a year after the shooting, on December 10, 2007, the personal representative of Rich's estate filed suit in state court in the Thirteenth Judicial Circuit of Florida against Montanez, Jim-N-I Investments Inc., 5634 E. Hillsborough Avenue, Inc.,[1] and other parties. (Doc. 1-3.) Jim-N-I Investments owned the property where the Sugar Shack nightclub

---

[1] In the underlying state lawsuit, the personal representative of Glen Rich named 5634 E. Hillsborough Avenue, Inc. — rather than 5636 E. Hillsborough Avenue, Inc. — as a defendant. However, Mt. Vernon claims that no corporate entity named 5634 E. Hillsborough Avenue, Inc. exists, and this Court on Mt. Vernon's motion dismissed 5634 E. Hillsborough Avenue as a defendant from the declaratory judgment complaint filed in this Court. (Doc. 64 ¶¶ 6-10.)

stood and leased it to 5636 E. Hillsborough Avenue, Inc. to operate a "bottle club" and an alcoholic beverage retail sales facility.[2] (Doc. 51-2 ¶ 5.)

Among other claims, the personal representative of Rich in state court alleged negligence against 5636 E. Hillsborough Avenue, Inc. for failing to properly supervise and train Sugar Shack employees on where to direct customers to park, and for failing to warn of Donald Montanez's violent propensities. Id. The lawsuit also asserted that Sugar Shack's employees directed customers to park on Bonacker Drive, knowing customers would be towed from the location and would encounter violence. (Doc. 1-3 ¶¶ 21, 72-82.)

The lease between Jim-N-I Investments and 5636 E. Hillsborough Avenue, Inc. required the tenant to obtain liability insurance, naming Jim-N-I Investments as a named insured. The tenant did so, obtaining a commercial general liability insurance policy, which was in effect on the night of the shooting, and adding Jim-N-I Investments as an insured.[3] (Doc. 1, Ex. A at 4, 36.)

On January 9, 2008, a representative of Jim-N-I Investments sought to have Mt. Vernon defend and provide coverage for liability arising out of the negligence lawsuit. (Doc. 1 ¶ 19.)

Soon after, Mt. Vernon filed this declaratory judgment complaint in this Court seeking a declaration that the insurance policy it issued to 5636 E. Hillsborough Avenue, Inc. did not

---

[2] A bottle club is a private club in which members are served liquor in bottles without regard to liquor control laws, often after legal closing hours. Webster's II New Riverside University Dictionary 192 (1984).

[3] Although the insurance policy attached as an exhibit to the declaratory judgment complaint indicates that it was issued by United States Liability Insurance Group of Wayne, Pennsylvania, Mt. Vernon acknowledges in its complaint that it issued the policy. (See Doc. 1, ¶ 15 and Ex. A at 5.)

require it to cover, defend, or indemnify Jim-N-I Investments and 5636 E. Hillsborough Avenue, Inc., Inc. in the negligence lawsuit in state court. Mt. Vernon argued that the insurance policy only obligated it to cover, defend, and indemnify claims for bodily and personal injury, as well as property damage, arising from Jim-N-I Investments' ownership, maintenance or use of the 5636 E. Hillsborough Avenue property, or "operations necessary or incidental to those premises." (Doc. 1 ¶ 30.) Mt. Vernon also sought a declaration that Jim-N-I Investments and 5636 E. Hillsborough Avenue misrepresented certain material facts in obtaining the insurance.

## **DISCUSSION**

Mt. Vernon filed the Complaint on March 18, 2009 (Doc. 1) and then had the Clerk issue a summons and a copy of the Complaint to Defendant 5636 E. Hillsborough Avenue, Inc. on April 9, 2009. (Doc. 9.) The summons was served on a registered agent for 5636 E. Hillsborough Avenue, Inc. on April 13, 2009. (Doc. 31.)

Defendant 5636 E. Hillsborough Avenue, Inc. failed to file an answer and failed to make any appearance in this case. Therefore, the Clerk entered a default on August 20, 2009 against 5636 E. Hillsborough Avenue, Inc. (Doc. 46.) Plaintiff moved on December 8, 2009 for an entry of default judgment "in accordance with its Complaint for Declaratory Relief." (Doc. 92.) Defendant 5636 E. Hillsborough Avenue, Inc. did not file a response, nor did any other defendant.

## **CONCLUSION**

Because 5636 E. Hillsborough Avenue, Inc. has failed to answer the Complaint or appear in this case, it is ORDERED AND ORDERED that Mount Vernon Fire Insurance Company's motion for a default judgment against 5636 E. Hillsborough Avenue, Inc. (Doc. 92) is

4

**GRANTED**.

The Clerk is directed to enter a judgment in favor of Mount Vernon Fire Insurance Company and against Defendant 5636 E. Hillsborough Avenue, Inc. and then terminate 5636 E. Hillsborough Avenue, Inc. from the docket sheet.

The Court declares that:

(1) Mount Vernon Fire Insurance Company does not owe Defendant 5636 E. Hillsborough Avenue, Inc. any defense for the claims in the lawsuit, case number 07-17533, filed in the Thirteenth Judicial Circuit of Florida, in and for Hillsborough County, entitled *Adama Rich, as personal representative of the Estate of Glen Rich, deceased,* vs. *Donald Montanez; Certified Impound Service Inc.; Private Property/Commercial Inc.; Jim-N-I Investments, Inc.; 5634 E. Hillsborough Avenue, Inc. d/b/a Sugar Shack and/or Tootsie's; Tia Fina's, Inc. d/b/a Sugar Shack; General Management and Development Corp.; and Kane Furniture Corporation*.

(2) Mount Vernon Fire Insurance Company does not owe indemnity to Defendant 5636 E. Hillsborough Avenue, Inc. for any damages that the Plaintiff in the above-referenced lawsuit may become legally entitled to recover against Defendant 5636 E. Hillsborough Avenue, Inc. as a result of the claims asserted against Defendant 5636 E. Hillsborough Avenue, Inc.

**DONE AND ORDERED** at Tampa, Florida this 29th day of December, 2009.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

5