UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.                                           Case No. 8:09-cv-00499-T-24-TBM

JIM-N-I INVESTMENTS, INC.
d/b/a Tootsie's and/or Sugar Shack,
GENERAL MANAGEMENT AND
DEVELOPMENT CORP., and
KANE FURNITURE CORPORATION,

    Defendants.
_____/

JIM-N-I INVESTMENTS, INC.,

    Counter-Plaintiff,

v.

MOUNT VERNON FIRE INSURANCE
COMPANY, ADRIAN FERNANDEZ
INSURANCE, INC., 5636 E. HILLSBOROUGH
AVE LIQUORS, INC.

    Counter-Defendants.
_____/

**ORDER DISMISSING THE
COUNTER-CLAIM & THIRD-PARTY COMPLAINT**

The Court now considers three motions to dismiss filed by Third-Party Defendant Adrian

Fernandez Insurance, Inc. (Docs. 78, 97, 129) and a motion to dismiss filed by Counter-

Defendant Mt. Vernon Fire Insurance Company. (Doc. 85.)

Counter-Plaintiff Jim-N-I Investments, Inc. has failed to oppose the motions despite

repeated opportunities to do so.

A.  **Jim-N-I Investments' Amended Third-Party Complaint against Adrian Fernandez Insurance, Inc.**

On November 24, 2009, Fernandez Insurance, Inc. filed its first motion to dismiss Jim-N-I Investments's Amended Third-Party Complaint. (Doc. 78) Fernandez Insurance asked the Court to involuntarily dismiss the action as a sanction because Jim-N-I Investments filed the Amended Third-Party Complaint late in defiance of a Court order. Id.

When Jim-N-I Investments failed to respond to the motion, the Court issued one of the four show cause orders to Jim-N-I Investments in this case. (Doc. 80.) In its response, Jim-N-I Investments urged the Court not to involuntarily dismiss the Amended Third-Party Complaint as a sanction. (Doc. 81.)

On December 15, 2009, Fernandez Insurance, Inc. filed an amended motion to dismiss addressing the merits of Jim-N-I Investments Inc.'s Third-Party Complaint. (Doc. 97.) Fernandez Insurance argued that Jim-N-I Investment's pleading was premature under Florida law, and failed to state a claim for indemnification and contractual liability. Even after Fernandez Insurance filed a notice on December 30, 2009, renewing its motion, Jim-N-I Investments failed to respond to the merits.

Because Fernandez Insurance's motion to dismiss is unopposed and because the Court considers the motion to have merit, the Court dismisses Jim-N-I Investments' Amended Third-Party Complaint with prejudice. (Doc. 99)

B.  **Jim-N-I Investments' Amended Counter-Claim Against Mt. Vernon Fire Insurance Company**

On December 4, 2009, Plaintiff Mt. Vernon Fire Insurance Co. also filed a motion to

dismiss Jim-N-I Investments's Amended Counter-Claim. (Doc. 85) The motion asked the Court to dismiss the Counter-Claim both as a sanction for Jim-N-I Investments' late filing and, alternatively, on the merits. On the merits, the motion argued that Jim-N-I Investments' Amended Counter-Claim failed to state a claim against Mt. Vernon. For the reasons outlined in Mt. Vernon's motion and this Court's order of November 6, 2009, the Court agrees that the Jim-N-I Investments has failed to state a claim.

In addition, Jim-N-I Investments failed to file a response opposing the motion to dismiss, even after Mt. Vernon filed a notice on December 21, 2009 renewing its motion. (Doc. 102.)

Because Mt. Vernon's motion to dismiss is unopposed and because the Court considers the motion to have merit, the Court dismisses with prejudice Jim-N-I Investments' Amended Counter-Claim. (Doc. 99.)

## **CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** that:

(1) Fernandez Insurance's motion to dismiss (Doc. 97) is **GRANTED** on the merits without opposition;

(2) Fernandez Insurance's motion for involuntary dismissal (Doc. 129) is **DENIED as moot**;

(3) Mt. Vernon's motion to dismiss for failure to state a claim (Doc. 85) is **GRANTED** on the merits without opposition;

(4) The Court on its own motion **dismisses without prejudice** the cause of action

against 5636 E. Hillsborough Ave Liquors, Inc.[1] (Doc. 99);

(5) Fernandez Insurance's motion for involuntary dismissal and appropriate sanctions, including attorney's fees, (Doc. 78) is **DENIED in part** only as to the request for involuntary dismissal. The Court will rule on Fernandez Insurance's alternative request for appropriate sanctions, including attorney's fees, in a separate order.

(6) The Court will rule on Mt. Vernon's request for costs and fees (Doc. 85) in a separate order.

Therefore, the Third-Party Complaint against Adrian Fernandez Insurance, Inc., and the Counter-Claim against Mount Vernon Fire Insurance Company (Doc. 99) are **DISMISSED with PREJUDICE**. The cause of action against 5636 E. Hillsborough Ave Liquors, Inc. (Doc. 99) is **DISMISSED without PREJUDICE**.

**ORDERED** in chambers at Tampa, Florida this 29th day of January, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

---

[1] The original Third-Party Complaint and Counter-Claim named as a party, 5636 E. Hillsborough Ave Liquors Inc., even though, according to the documents on file in the case, a company by that name has no apparent relationship to the case. The Court gave Jim-N-I Investments until November 20, 2009, to revise his complaint and correct any errors. Jim-N-I Investment filed an amended Third-Party Complaint and Counter-Claim that, again, named 5636 E. Hillsborough Ave Liquors Inc. as a defendant, even though the documents on filed referred to a company with a slightly different name—5636 E. Hillsborough Ave. Inc.. The complaint neither connected the two companies, nor explained whether it had erred in listing the defendant by the wrong name. The Court does not believe that the Defendant in this cause exists. However, if the Court is wrong, Jim-N-I Investments, Inc. can file a motion addressing the matter.