UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No.: 8:09-CV-00499-T-24TBM

MOUNT VERNON FIRE
INSURANCE COMPANY,

    Plaintiff,

v.

JIM-N-I INVESTMENTS, INC. d/b/a
SUGAR SHACK and/or TOOTSIE'S,
5636 E. HILLSBOROUGH AVENUE, INC.,
5634 E. HILLSBOROUGH AVENUE, INC.
d/b/a SUGAR SHACK and/or TOOTSIE'S,
TIA FINA'S, INC. d/b/a SUGAR SHACK,
ADAMA RICH, as Personal Representative
of the Estate of GLEN RICH, deceased,
DONALD MONTANEZ, CERTIFIED IMPOUND
SERVICE, INC., PRIVATE PROPERTY/
COMMERCIAL, INC., GENERAL
MANAGEMENT AND DEVELOPMENT CORP
and KANE FURNITURE CORPORATION,

    Defendants.
_____/

**CONSENT ORDER GRANTING PLAINTIFF'S**
**MOTION FOR FINAL SUMMARY JUDGMENT**

**THIS CAUSE** came to be heard on Plaintiff, MOUNT VERNON FIRE INSURANCE COMPANY'S ("MOUNT VERNON") Motion for Final Summary Judgment, and the Court having reviewed the documents and being otherwise fully advised in the premises of Defendant, JIM-N-I INVESTMENTS, INC.'S ("JIM-N-I") consent herein and no objection having been raised by KANE FURNITURE CORPORATION and GENERAL MANAGEMENT AND DEVELOPMENT CORPORATION, it is hereupon:

**ORDERED AND ADJUDGED** that said Motion is hereby:

GRANTED. As a matter of law, the allegations in the underlying action do not give rise to a duty to defend or indemnify JIM-N-I pursuant to the insurance policy issued by MOUNT VERNON to JIM-N-I. Accordingly, there is no coverage afforded under the Policy for the allegations against JIM-N-I in the Second Amended Complaint and final summary judgment in favor of MOUNT VERNON is hereby warranted.

MOUNT VERNON shall not owe JIM-N-I any defense for the claims asserted against it in the underlying lawsuit, subject to the terms, conditions and limitations set forth in the settlement agreement between the parties. MOUNT VERNON does not owe indemnity to JIM-N-I for any damages which the Plaintiffs in the underlying lawsuit may become legally entitled to recover against JIM-N-I as a result of the claims asserted by the Plaintiffs in the underlying lawsuit against JIM-N-I. In the event any of the defendants (all parties to this action) in the underlying lawsuit should file any claim against JIM-N-I arising out of the alleged wrongful death of GLENN RICH in which a defense and/or indemnity is sought against JIM-N-I as it pertains to the underlying lawsuit, MOUNT VERNON shall have no duty to defend and/or indemnify JIM-N-I for such claims.

Nothing in this consent order shall be construed in any way as a waiver of any right, claim or assertion of contribution by Kane Furniture Corporation as to JIM-N-I or any other party to the underlying action styled as *Adama Rich, as Personal Representative of the Estate of Glen Rich, deceased, v Donald Montanez, Certified Impound Service, Inc., Private Property/Commercial, Inc., Jim-N-I Investments, Inc. d/b/a Sugar Shack and/or Tootsie's, 5634 E. Hillsborough Avenue Inc. D/B/A Sugar Shack and/or Tootsie's, Tia Fina's Inc. d/b/a Sugar*

2

*Shack, General Management and Development Corp and Kane Furniture Corporation,* Hillsborough County Case No. 07-CA-17533-F."

**DONE AND ORDERED** in Chambers at Tampa, Hillsborough, Florida, this 18th day of June, 2010.

/s/ Susan C. Bucklew
Susan Bucklew
U.S. District Court Judge

22/339060.v1